IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HENRY M. DISMUKES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | |
| TORCHMARK CORPORATION, ) | 95-C-0534-S |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT
## AND DENYING CLASS CERTIFICATION

In this action, Plaintiff Henry M. Dismukes, Jr., alleges on behalf of himself and a putative class, that the Defendants Torchmark Corporation, KPMG Peat Marwick, Ronald K. Richey, Keith A. Tucker, Samuel E. Upchurch, Jr., William R. Dean, William C. Barclift, III, and Charles B. Hudson, Jr., violated Section 10(b) of the Securities Act of 1934 and Rule 10(6)(5) by disseminating false information and concealing material information regarding Torchmark's contingent liabilities arising from the "exchange or switching" of cancer insurance policies by Torchmark's wholly-owned subsidiary, Liberty National Life Insurance Company.

This litigation commenced in October 1992; the class action settlement was approved in June 1993 and affirmed by the Alabama Supreme Court in December 1995.

Defendants have moved for summary judgment, based on the one-year statute of limitations which governs this securities case. Lampf, Pleva, Lipkin, et al. v. Gilbertson, 501 U.S. 350 (1991).

In his deposition, Plaintiff testified that a Mobile Press Register newspaper article in September 1993 first alerted him that he might have a claim against Torchmark. Dismukes' Deposition ("DD") 10, 11, 101. In either September or October 1993, he first talked with a lawyer about his claim, when he noticed the decline of Torchmark stock. DD 14. He contacted an attorney in November 1994 and discussed the cancer exchange litigation. DD 13.

Dismukes received Torchmark's third quarterly report to shareholders, which was issued to shareholders on October 29, 1993. DD 188, 189. That report discloses all the Liberty cancer policy exchange litigation, many of the specific lawsuits, the pending $55 million Barbour County class action settlement, and the then-recent $1 million Mobile County jury award against Liberty National.

In September 1993, Dismukes purchased 20 shares of Torchmark stock 1994 because:

> [The] stock had started recovering a little bit. And I thought if it's recovering after these newspaper articles came out and it's starting to recover a little bit and it had such a good tract record prior to September of 1993, prior to when the cancer policies were put in the newspaper, I said, you know, it's been such a good stock for me, that, you know, I'm not going to abandon it, maybe I ought to buy it back a little bit. It looked like were

2

were recovering it.

Dismukes subscribes to the <u>Mobile Press Register</u>. Beginning in April 1993, that newspaper extensively reported the ongoing Liberty National cancer policy exchange litigation and the attendant drop in price of Torchmark stock.

These facts compel the conclusion that at least by mid-November 1993, Plaintiff had discovered the facts which allegedly constitute the securities violation.

This lawsuit was filed on December 27, 1994. It is therefore time-barred.

Because Plaintiff's claims are barred, he cannot represent a class, for one must be a member of the class which he seeks to represent.

Defendants' motion for summary judgment will be granted.

DONE this 28th day of September, 2000.

                                              UNITED STATES DISTRICT JUDGE
                                              U. W. CLEMON